Oldham, Jl The defendants below moved to dismiss this suit because the plain tiffs, as they allege, are non-residents and failed to file a bond for costs before the suing out of their writ. The non-residence of the plaintiffs was sworn to, but the affidavit is silent as to their failure to file a bond for costs. The motion was demurred to because of the insufficiency of the affidavit, which was sustained, and the defendant saying nothing further) judgment was rendered for the plaintiffs. The statute which authorizes suits by non-residents to be dismissed upon motion, in case of a failure to file a bond for costs before the institution of the suit, does not require the motion to be sworn to, yet we are of opinion that an affidavit of its truth is necessary. The grounds set out in the motion are matters in abatement, and in the absence of the statute allowing them to be presented upon motion, would have to be regularly pleaded. Pleas in abatement are not favorably regarded by courts of j ustice, as they tend to defeat the action without touching the merits of the controversy; consequently, both by the common law and our statute, an affidavit of their truth is required to all such pleas as a pre-requisite to their admissibility, except where their truth appears of record. The same objections apply whether matter, which tends to abate the writ, be brought before the court either by plea or motion, and an affidavit of its truth is as necessary in the one case as the other'. The facts contained in the motion may be disputed, and a trial had upon them in the same manner as if they had been pleaded. The affidavit in this case does not go to all the facts contained in the motion. AH the facts contained in a plea in abatement should be sworn to, and if the affidavit relates to but part of them, and is silent as to the rest, it is defective and insufficient. It is insisted by the counsel for the appellants that an affidavit of the non-residence of the plaintiff is sufficient; to swear to inore Would be swearing to a negative as well as a matter of láw, for the question continually arises whether the bond be valid or not. This objection does not take the case out of, or form an exception to the rule above laid down, that all the facts in abatement should be sworn to. If a bond has in truth been filed, which the party deems insufficient or invalid, he can set out the bond in his motion and thus submit its sufficiency to the determination of the court. Such a pi’actice would be allowable to avoid the consequences suggested. The insufficiency of the affidavit is however no cause of demurred. The motion fully sets forth the facts, which if found to be true would warrant the dismissal or abatement of the suit. The affidavit is essential to its admissibility, in the absence of which it might have been stricken from the files upon motion. For this reason the judgment of the circuit court is erroneous, and is therefore reversed.